No. 2149.—J. H. LAMOTHE, Administrator, *v.* ALEX. HAUSSE.

A purchaser of property at public sale will be held responsible for his bid, unless he show that the vendor has been guilty of such deception or fraud as would mislead a prudent purchaser.

In this case the property sold was advertised in the official journal, in the English language, *as required by law.* It was also advertised in the French language, in which an erroneous description of the property was given. Both notices were read at the sale by the auctioneer, without objection being made at the time as to the discrepancy. The defendant in this suit bid off the property, and afterwards refused to comply with his bid by paying the amount. The property was re-offered, and failed to bring the amount of the first bid at the second offering. Held—That the bidder at the first sale must be condemned to pay the difference.

APPEAL from the Seventh District Court, parish of Orleans. *Collens,* J. *Charvet & Duplantier,* for plaintiff and appellee. *Hyman, Wallace & Handlin,* for defendant and appellant.

HOWELL, J. This suit is brought to recover the difference between the first and second adjudications of a house and lot which were sold the second time at the risk of defendant, whose defense is that there was error in the notice, induced by the fraudulent misrepresentation of the plaintiff, by which he was led to believe that there was a passage on each side of the house, leading to the back yard, when, in fact, there was but one. This misrepresentation consists in the advertisement in French, published in the *Bee,* at the instance of plaintiff,

74

which described the property as having a double passage ("*double passage*.") This proves to have been a mistranslation of the English and official advertisement, in which the original words are "*double pavement*," and was made by some one in the office of the *Bee*, and the mistake was not discovered by the plaintiff until his attention was called to it, when informed that defendant refused to comply with the terms of sale. The advertisement in English, in the *Republican*, the ·official paper, and that in French, in the *Bee*, were both read by the .auctioneer, and the discrepancy in this particular seems to have .attracted the attention of no one present. After the adjudication, the ·defendant went with a carpenter and examined the premises, to see what repairs were needed, and at that time made no reference to two passages, and no objection to the sale or property. It was apparent to the slightest observation that the property had but one passage. The defendant is a Belgian; .has resided in New Orleans since 1853; ·was cook at the City Hotel for six or seven years prior to the trial of this suit in December, 1868; he speaks the English language, and at the examination as a witness answered questions propounded in that language. Under these circumstances, we think the judge *a quo* did not err in holding defendant responsible for his bid. The law required the .advertisement to be in *English* only, and to be in the official journal. This must be held to control, unless the vendor should be guilty of .such deception or fraud as would mislead a prudent bidder. The evidence in this case does not establish any such conduct on the part of plaintiff. The defendant heard both advertisements read, and he ·should have inquired as to the discrepancy, if really calculated to mislead him, and he considered the fact of a double passage important.

Judgment affirmed.

Mr. Chief Justice Ludeling and Mr. Justice Wyly absent.